UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RENEE L.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C25-1160-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in June 1992, has a high school education, and has worked as a receptionist.  AR 355.  Plaintiff was last gainfully employed in November 2019.  *Id.*

On May 24, 2021, Plaintiff applied for benefits, alleging disability as of May 6, 2021. AR 322.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

requested a hearing.  AR 27.  After the ALJ conducted a hearing on April 17, 2024, the ALJ issued a decision finding Plaintiff not disabled.  AR 47.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since May 6, 2021.

**Step two**:  Plaintiff has the following severe impairments:  obesity, fibromyalgia, depressive disorder, and anxiety disorder with panic attacks.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**:  Plaintiff can perform light work except no climbing ladders, ropes or scaffolds; occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; no working around unprotected heights or unprotected dangerous moving machinery; she can only perform simple, routine tasks involving simple work-related decisions and routine changes.

**Step four**:  Plaintiff cannot perform past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 29-47.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.  The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 2.

### LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by misevaluating the medical opinion evidence. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

**A.      The ALJ Did Not Err in Evaluating the Medical Opinion Evidence**

Under regulations applicable to this case, the ALJ must articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

Plaintiff avers, after a lengthy recitation of the procedural background and medical opinion evidence she believes supports her claim,[3] that the ALJ erred because she "essentially" rejected all the medical opinions which related to her mental health functioning, and did not properly discuss the supportability and consistency factors.  Dkt. 12 at 7.  The Court addresses each psychological medical opinion in turn.

    1.    *Janis Lewis, PhD, and Matthew Comrie, PsyD*

The ALJ considered the opinions of state agency psychological consultants, Dr. Lewis, and Dr. Comrie, as one.  AR 41.  The ALJ found that these opinions, which concluded that Plaintiff's mental health impairments were non-severe, were supported and consistent with the medical evidence at the time they issued their opinions.  *Id.*  However, the ALJ determined that the subsequent medical evidence, which the state agency examiners did not review, warranted additional limitations, and therefore further limited Plaintiff's RFC to work involving only simple, routine task, simple work-related decision making, and only routine changes in the work setting.  AR 41-42.

Plaintiff seemingly argues that by finding her more disabled than these medical opinions "[the ALJ] impermissibly play[ed] doctor[.]"  Dkt. 12 at 7.  But "ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022).  Nor is an ALJ required to pick one medical opinion and adopt it in full.  *See Hayes v. Kijakazi*, No. 1:20-CV-742-HBK, 2022 WL 873516, at *6 (E.D. Cal. Mar. 24, 2022).  And Plaintiff cannot show harmful error in the ALJ

---

[3] Plaintiff's brief runs in direct opposition to the Court's briefing requirements, which explicitly require that "Plaintiff should not set forth a separate lengthy recitation of background facts or medical evidence."  Dkt. 8.  The Court nonetheless considers the arguments as presented, though Counsel is warned that future disregard of the Court's instructions may result in finding Plaintiff has waived the argument.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

finding her more limited than the state agency consultants opined. *See Hubbard v. Astrue*, 371 F. App'x 785, 787 (9th Cir. 2010) (holding the ALJ did not err where he found a claimant more limited than some doctors opined). Accordingly, the ALJ did not err in her assessment of the state agency medical consultants.

### 2.    Kari Coelho, PsyD.

The ALJ considered the opinion of Dr. Coelho and found it not persuasive as unsupported, inconsistent with the medical record, and not relevant to the period at issue. AR 40-41. The ALJ found Dr. Coelho's opinion unsupported because, while she found limitations based on Plaintiff's self-reports, the mental status exam showed no abnormalities in any aspect of her mental functioning. AR 41 (citing AR 1858). An ALJ may discount medical opinions to the extent that they are based on self-reports which she has properly discounted. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). As Plaintiff does not challenge the ALJ's assessment of her subjective symptom testimony, which the ALJ discounted as contradicted by the objective medical evidence, this was a proper basis to discount Dr. Coelho's opinion. Further, it was reasonable of the ALJ to conclude that the largely normal mental status exam Dr. Coelho conducted did not support the level of limitations she opined to. AR 1858-60.

The ALJ also found that Dr. Coelho's opinion that Plaintiff could not read for more than twenty minutes at a time was inconsistent with medical evidence which consistently showed no attention or concentration deficits, and no notes of her being inattentive or distracted during appointments. AR 41 (citing AR 716, 896-97, 931, 937, 1084-85, 1165-66, 1804, 1976, 1978, 1980). This was a reasonable basis to discount Dr. Coelho's opinion. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020).

Lastly, the ALJ discounted Dr. Coelho's opinion because it was issued in July 2020, nearly a year prior to the alleged first date of disability.  AR 41.  The Ninth Circuit is clear that medical opinions before the alleged onset date are of limited relevance.  *See Rogal v. Colvin*, 590 F. App'x. 667, 670 (9th Cir. 2014) (finding the ALJ did not err in failing to discuss a treating opinion that predated the alleged disability onset date); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance.").  The ALJ properly considered this factor in discounting Dr. Coelho's opinion.

> ### 3.     *Michael S. Clark, M.D.*

The ALJ considered the opinion of psychiatric examiner Dr. Clark and found it not persuasive as unsupported and inconsistent with the medical evidence.  AR 41.

The ALJ found Dr. Clark's opinion that Plaintiff would have problems interacting with coworkers and the public was unsupported by the exam which showed no behavioral abnormalities or that the claimant had any issues interacting with Dr. Clark during the exam.  AR 41 (citing AR 1081-87).  She further found Dr. Clark's opinion of limitations interacting with coworkers and maintaining regular attendance inconsistent with the medical evidence.  *Id.* Specifically, Plaintiff had no noted behavioral abnormalities, difficulties interacting with doctors, and she regularly socialized with others.  *Id.* (citing AR 716 ("Denies any psychiatric complaints. . . . Patient's judgement and Insight are normal.  Patient is alert and oriented.  Recent and long term memory are normal for age."), 896-97 ("Mood and Affect: Mood normal.  Behavior: Behavior normal"), 931 ("Psych: normal affect"), 937 (same), 1084 ("ability to follow the conversation reasonably well without losing track of it is fair through most of the interview."), 1165-66 ("Mood and Affect: Mood normal.  Behavior: Behavior normal."), 1804-05 ("EYE

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

CONTACT: normal  FACIAL EXPRESSION: constricted  AFFECT: flat . . . AVAILABLE SUPPORT: close friend, group of friends"), 1976 ("Appearance:  Normal Grooming and Hygiene  Attitude:  Calm and Cooperative  Behavior:  No unusual movements or psychomotor changes  Speech:  Normal rate/tone/volume/w/out pressure  Affect: Normal Range/Congruent"), 1978 (same), 1980 (same)).  Plaintiff has not shown error in this reasoning.

Lastly, she found Dr. Clark's opinion vague, as he found that Plaintiff may, or would, have difficulties with, several aspects of mental work but did not include specific work-related limitations.  AR 41.  An ALJ need not accept a medical opinion that is vague, fails to set forth any specific functional limitations, or describes limitation equivocally.  *See Thomas*, 278 F.3d at 957 (noting an ALJ "need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supporting by clinical findings"); *Khal v. Berryhill*, 690 Fed. Appx. 499, 501 (9th Cir. 2017) (finding a physician's opinion that the plaintiff was "probably incapable of work" to be equivocal and less compelling).  Dr. Clark's opinion, as the ALJ noted, does not confine itself to what he assesses Plaintiff can currently do, and frequently equivocates.  For example, he opined "[Plaintiff] would probably, overall, be able to perform work activities on a consistent basis" and "would probably have difficulty maintaining regular attendance and completing a normal workday[.]"  AR 1086-87.  It was reasonable of the ALJ to discount Dr. Clark's equivocal opinions of Plaintiff's functioning.

### 4.    Julie Miller, LMHC

The ALJ considered the opinion of LMHC Miller and found it not persuasive as it is not well supported and inconsistent with the medical evidence.  AR 42.

The ALJ found LMHC Miller's treatment notes did not support her opinion.  AR 42. LMHC Miller opined that Plaintiff had at least serious limitations in all mental abilities and

aptiuple needed for work, with no useful ability to function in seventeen areas, inability to meet competitive standards in seven other areas, and serious limitations in the only remaining area. AR 1849-50. LMHC Miller supported her assessment with "see chart notes." AR 1847-50. But her chart notes consistently noted no memory, cognitive, attention, thought process, behavioral, or thought content abnormalities. AR 42 (citing AR 1804-05, 1976, 1978, 1980). The ALJ further found that the medical record contradicted the opinion, again pointing to Plaintiff's multiple normal mental status exams throughout the record. *Id.* (citing AR 958-59, 968-69, 971-72, 974, 978, 1016, 1029, 1053-54, 1165, 1279, 1501, 1504, 1507, 1510, 1517, 1523, 1868, 1873-1959, 1992-2007). Plaintiff does not challenge the ALJ's interpretation of these citations or engage with the ALJ's reasons for rejecting this opinion. *See* Dkt. 12 at 7. Accordingly, Plaintiff has not shown error in the ALJ's evaluation of LMHC Miller's opinion.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 20th day of March, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8